**Richard J. FULTON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 95–810 C.

United States Court of Federal Claims.

Sept. 8, 2000.

Guy J. Ferrante, Falls Church, VA, for plaintiff.

Janene M. Marasciullo, United States Department of Justice, Washington, D.C., for defendant, with whom were Acting Assistant Attorney General David W. Ogden, Director David C. Cohen, Assistant Director Robert E. Kirschman, and Captain Michael Sumner, United States Air Force.

## ORDER

MOODY R. TIDWELL, III, Senior Judge.

This military pay case is before the court on plaintiff's motion for summary judgment, plaintiff's renewed motion for discovery and suspension of briefing, and defendant's supplemental motion for judgement upon the administrative record. Plaintiff seeks money damages, alleging that he was involuntarily retired from the United States Air Force. For the reasons set forth below, the court *DENIES* plaintiff's motion for summary judgment, *DENIES* plaintiff's renewed motion for discovery and suspension of briefing, and *ALLOWS* defendant's motion for judgment upon the administrative record.

## BACKGROUND

### I. Facts

The following facts are undisputed for the purposes of these motions, unless otherwise noted. Plaintiff, Richard J. Fulton, a retired Air Force captain, asserts that he was improperly passed over ("nonselected") for promotion from 1982 to 1988 in violation of applicable Air Force and Department of Defense ("DOD") provisions and promotion board procedures, and as a result, he was mandatorily retired from the Air Force on November 1, 1989, pursuant to 10 U.S.C. §§ 632, 637. In 1993, plaintiff filed an application for correction of his military records, under 10 U.S.C. § 1552. The Air Force Board for Correction of Military Records determined, however, that Mr. Fulton had not timely filed his petition and, as a result,

rejected his application. Notwithstanding this finding, the board additionally concluded that there was no reasonable reason to believe that plaintiff had been discharged due to an error or injustice and, therefore, decided that it would not be in the interest of justice to waive the untimeliness of the petition.

Thereinafter, Mr. Fulton filed the claim at bar on December 8, 1995, and his first amended complaint on March 22, 2000. Plaintiff's first amended complaint seeks recovery of military back-pay, retroactive reinstatement to active duty, and other collateral relief.

### II. Standard of Review

Motions for judgment on the administrative record are reviewed under the same standards as motions for summary judgment. *See RCFC 56.1(a); Richey v. United States,* 44 Fed.Cl. 577, 581 (1999). Such motions are appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As in the case at bar, when the parties cross-motion for judgment, each party bears its own burden to demonstrate the lack of genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In meeting this standard, the court infers all evidence in the light most favorable to the nonmovant. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

Further, upon review of military "composition and the like . . . a court should not substitute its view for the 'considered professional judgment' of the military." *See Crager v. United States,* 25 Cl.Ct. 400, 406 (1992) *(citations omitted ).* Therefore, courts are limited to reversing military decisions only if they are a result of arbitrariness, capriciousness, bad faith, unsupported by substantial evidence, or contrary to law. *See Porter v. United States,* 163 F.3d 1304, 1312 (Fed.Cir.1998). Moreover, government officials, including military officers like those in the case at bar, are presumed to have dis-

charged their duties correctly, lawfully and in good faith. *See Hoffman v. United States,* 894 F.2d 380, 385 (Fed.Cir.1990) (*citations omitted*). The Federal Circuit has concluded that "judicial deference must be 'at its apogee' in matters pertaining to the military and national defenses." *See Voge v. United States,* 844 F.2d 776, 779 (Fed.Cir.1988), *cert. denied,* 488 U.S. 941, 109 S.Ct. 365, 102 L.Ed.2d 355 (1988) (*citing Rostker v. Goldberg,* 453 U.S. 57, 70, 101 S.Ct. 2646, 69 L.Ed.2d 478 (1981)).

## ARGUMENT

The threshold issue in the case at bar is whether the Air Force's practice of employing a panel system in conducting officer promotion boards is legal in light of the governing statutes at issue, 10 U.S.C. §§ 611, 616–617. Specifically, plaintiff's first amended complaint alleges that 10 U.S.C. § 611 was violated because the Air Force promotion board ("Board") conducted its duties utilizing subordinate panels, rather than a selection board; § 616(c) was violated because no findings or recommendations were made by any of the members, nor by a majority of the members of the Board; §§ 616(c) and 617(a) were both violated because merely adding the panel members' scores did not equate to a determination of a majority of the members, since the panels could generate a high enough score to yield a promotion recommendation without a majority of its members being of the opinion that promotion was warranted; § 617(a) was further violated because there was no consensus by a majority of the members of the Board to be certified, the members had no knowledge of the matter they purported to certify, and the distribution of records and members among the independent panels precluded certification that the recommended officers were the best qualified; and finally DOD Directive 1320.9 was violated by the de-centralized nature of the Air Force promotion board process.

■ The controlling case law in this area was recently reviewed by the Court of Appeals for the Federal Circuit in *Small v. United States,* 158 F.3d 576 (1998), *amended on rehearing in part,* 180 F.3d 1343 (Fed.Cir. 1999), *cert. denied,* — U.S. —, 120 S.Ct.

64, 145 L.Ed.2d 55 (1999). In *Small,* the appellate court affirmed the trial court's conclusion that the panel evaluation system the Air Force employs to promote its officer corps did not violate statutory requirements. *See id.* at 579.

The Federal Circuit reviewed the pertinent statutory support under the Supreme Court's conclusory framework established in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc. See id.* at 580 (*citing* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). In particular, the Supreme Court found that

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress had not directly addressed the precise question at issue, the court does not simply impose its own construction of the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*See id.* at 580–81 (*quoting Chevron,* 467 U.S. at 842–43, 104 S.Ct. 2778). After determining that Congress had not addressed the manner in which the Board conducts itself, the Federal Circuit held that the Air Force's interpretation of 10 U.S.C. §§ 616 and 617 was a permissible one. *See id.* at 581. The appellate court determined that

> [T]he statute does not require that a majority determination be based on a knowing review and conscientious consideration of each officer's record. Nothing in the plain language of the statute requires firsthand knowledge on the part of the deliberators of an officer's record. All that is required is a numerical showing that more than half of the board members approved

or disapproved of the matter before them... A review of a selected number of individuals by sub-panels who use common and identifiable criteria is an efficacious and equitable means to establish the final rankings that are in fact approved by a majority of the members of the board... In sum, we agree with the trial court that "there is ... no reason why the business of coming to a 'majority' consensus cannot be accomplished through collective approval of the findings and recommendations of a sub-group i.e., a selection panel." [ ] In addition, using the signing of the Board Reports as a means for the members to both express their approval of the recommended candidates and make the required certification is permissible under the statutory scheme as well.

*See id.* at 581 (*quoting Small v. United States,* 37 Fed.Cl. 149, 156 (1997)).

In the case at bar, plaintiff asserts similar allegations under nearly an identical set of facts as those reviewed in the *Small* decision. For these reasons, the court relies heavily on the Federal Circuit's analysis and holdings in the *Small* case for the instant matter. As in *Small,* plaintiff alleges that 10 U.S.C. §§ 611, 616–617, were violated, in large part due to the make up of the Board and the way in which the promotion Board carried out its mission. Finding no change in the pertinent statutes by Congress since the time judgment was filed in *Small,* the court holds that, under the circumstances alleged by plaintiff, the Air Force's interpretation of the statutes are a permissible one.

 Plaintiff additionally relies on DOD Directive 1320.9 (1981), ¶ D.1.a, which, in pertinent part, states the following: "To ensure fairness in the promotion selection process and a balanced appraisal of the needs of the Military Service concerned, a single board shall be convened to consider all eligible officers in the same grade and competitive category for promotion ..." This regulation is designed to implement 10 U.S.C. § 621, which purpose is to ensure that officers in the same categories are competing for promotions among themselves, and not against officers in other competitive categories. DODD 1320.9 § C.4 defines competitive cate-

gory as "specific groups of officers whose specialized education, training, or experience, and often relatively narrow utilization, make separate career management desirable." The court finds that the regulation's intent was to ensure fairness in promotions by disallowing competition between officers in different competitive categories. Given the deference to the Air Force's interpretation as to the implementation of this directive, and holding that it is a permissible one, the court finds no violation by defendant in using the panel system.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for summary judgment is hereby *DENIED;* and defendant's motion for judgment upon the administrative record is hereby *ALLOWED.* Plaintiff's renewed motion for discovery and suspension of briefing is hereby *DENIED* as moot.

The clerk of the court shall dismiss this case.

**IT IS SO ORDERED.**